HALSEY J. BRIGGS *vs.* WILLIS F. CARR, Town Treasurer.

MARCH 7, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Mandamus.*

*Mandamus* will not lie to try a disputed title to office.

(2) *Taxes. Tax Collector Holding Over.*

A collector of taxes, being a town officer who holds over until his successor is legally qualified, under Gen. Laws cap. 39, § 19, received, during the term in which he was so holding over, a warrant to collect the tax for such year, which warrant, under Gen. Laws cap. 48, § 34, continues in force until the whole tax is collected:—

*Held,* that the town treasurer had exhausted his power, and could not be compelled to issue another warrant to another person charging that person with the same duties with which the first collector was charged.

PETITION for writ of *mandamus.* The facts are stated in the opinion. Heard on respondent's appeal from an order of the Superior Court granting the writ.

PER CURIAM. At the annual town meeting of West Greenwich, in June, 1904, Samuel Kettelle was elected collector of taxes and qualified as such. At the town meeting in June, 1905, no person was elected to the office of collector of taxes, and the town meeting did not delegate the election of such officer to the town council. At the next meeting of the town council Frederick W. Arnold was elected collector of taxes, but neglected and refused to qualify, and so notified the town council, November 25, 1905. On the same day the town council elected the petitioner collector of taxes and he tendered

to and left with the respondent town treasurer a bond with sufficient sureties, and demanded the warrant and copy of the assessment as provided by Gen. Laws cap. 46, § 22. The tax was levied in September, 1905, and was payable November 13, 1905. Kettelle gave a new bond after the expiration of the year for which he was elected, and on November 23, 1905, received from the respondent a warrant and copy of the assessment and has collected a part of the tax.

The petitioner prays that a writ of *mandamus* may issue, commanding the respondent to issue to him a copy of the assessment and a warrant for the collection of said tax.

Upon hearing before the Superior Court the petition was granted, and the cause is now before us on the respondent's appeal from the order granting the writ.

The respondent claims that Kettelle is entitled to complete the collection of the tax. The petitioner claims that his election and tender of a bond displaced Kettelle, and that he, the petitioner, is entitled to collect the unpaid portion of the tax.

The petitioner also claims that Kettelle held office for only one year, and did not hold over.

Gen. Laws cap. 39, § 19, provides that all town officers shall hold office until their successors shall be legally qualified, "unless where it is expressly provided to the contrary." We find no provision to the contrary, and are therefore of the opinion that Kettelle held office after the expiration of the year for which he was elected. Gen. Laws cap. 48, § 34, provides that "All warrants for the collecting of taxes shall continue in force until the whole tax is collected, notwithstanding the time appointed for collecting the tax, or the year of office may have expired, and notwithstanding the collector may have paid the tax into the town treasury."

It therefore appears that Kettelle, while in actual possession of the office of collector of taxes, received from the respondent town treasurer a warrant to collect a tax then payable, which warrant, the statute provides, shall continue in force until the whole tax is collected. Such being the case, we think that the respondent has exhausted his power in that regard, and can not be required to issue another warrant to another person charging

that person with the same duties with which Kettelle is charged by the first warrant.

Under the provisions of Gen. Laws cap. 48, § 34, there may well be, at the same time, several collectors of taxes, each charged with the collection of a separate tax, and we have regarded the controversy in this case as being over the right to collect the tax in question rather than over the title to the office of collector of taxes. If, however, the title to the office should be regarded as being in issue, that would not help the petitioner, as *mandamus* will not lie to try a disputed title to office. *Brennan* v. *Butler*, 22 R. I. 228; *Butler* v. *Board of Aldermen of Pawtucket*, *Id.*, 249.

Decision reversed, and cause remitted to the Superior Court with direction that the petition be denied and dismissed.

*Samuel W. K. Allen*, for petitioner.

*P. Henry Quinn*, for respondent.